Decided at Pendleton, July 20, 1895.

## McGUIRE v. BAKER CITY.
[41 Pac. 669.]

Municipal Corporations—Fees of Public Officers—Baker City Charter.— An ordinance allowing the chief of police to receive and appropriate to his own use the fees received for the collection of delinquent taxes is in violation of a charter making it his duty to collect such delinquent taxes and providing that he shall receive no fees or compensation other than his salary, and the provision that in addition to the fees for the collection of such taxes, which are to be paid by him into the city treasury, he may receive such other compensation as tax collector as the council may provide contemplates that "such other compensation" shall belong to the city.

Appeal from Baker: Robert Eakin, Judge.

This is an action by Thomas McGuire against Baker City to recover the sum of six hundred and fifty-one dollars and twenty cents, alleged to be due the plaintiff as fees for the collection of delinquent city taxes under an ordinance providing that the chief of police shall receive such fees for the collection of delinquent taxes as are allowed the sheriff of Baker County by general law for similar services. A demurrer to the complaint having been sustained, on the ground that under the charter of the city the ordinance in question is void so far as it allows the chief of police to receive and appropriate to his own use the fees received by him for the collection of delinquent taxes, plaintiff appeals.          Affirmed.

For appellant there was an oral argument by *Mr. J. L. Rand.*

For respondent there was a brief and an oral argument by *Mr. Will R. King.*

Opinion by Mr. Chief Justice Bean.

Section 81 of the charter defines the duties of the chief of police as follows: ''The chief of police is a peace officer, and must execute all processes issued by the police judge or directed by him to any magistrate in criminal matters. He may make arrests for a breach of the peace or commission of a crime within the limits of the city, with or without a warrant, as a peace officer may do under the laws of the state. He must exercise a vigilant control over the peace and quiet of the city. He is a keeper of the city prison or house of correction. He must collect all delinquent taxes and assessments when required by warrant, and pay the same to the city treasurer monthly. He must attend regularly the sittings of the police court and meetings of the common council. He shall exercise such additional powers as may be conferred by the ordinances of said city to enable him to carry out the object and purposes of this act, and for the prevention of fires." Section 82 provides that the salary of the chief of police shall not exceed one hundred dollars per month, and that he shall receive no other fees or compensation whatever; and the salary of policemen shall not exceed seventy dollars per month each. Section 85, in effect, provides that the chief of police, when acting as a constable, shall be entitled to receive and collect the same fees as allowed by law to that officer, but he shall pay the same over to the city treasurer. By section 87 he is required to file a bond conditioned that he will faithfully perform his duties as chief of police and tax collector during his continuance in office, and will account for and pay over all moneys that may come into his hands as tax collector. This section further provides that ''he shall receive such fees for the collection of taxes as the council may provide. not exceeding those of sheriff, which must be paid by him into the city treasury, and may receive such other compensation as tax col-

lector as the council may provide or designate." Section 91 directs the council to order the auditor to deliver the tax roll to the chief of police, and issue and annex thereto a warrant commanding him to proceed forthwith to collect the delinquent taxes upon such roll and pay the same, together with the costs of collection, to the treasurer and return the warrant to the auditor with his doings indorsed thereon, and the receipt of the treasurer for all moneys collected thereby and paid to him. Section 101 provides that all costs and charges for collecting delinquent taxes must be paid on the warrant and collected as part of the taxes, and that the council may prescribe by ordinance the fees and compensation for collecting delinquent taxes, but the same shall in nowise be paid out of the treasury. These are all the provisions of the charter material to the question presented by this appeal, except that the incumbents of all lucrative offices of the city are paid by salary.

The contention for the plaintiff, in effect, is that the duties of the chief of police as a peace officer and as tax collector are separate and distinct, and that the salary provided by section 82 is designated to compensate him in the former capacity, while by sections 87 and 101 the council is authorized to provide for his compensation as tax collector to be collected from the delinquent taxpayers. On the other hand, the contention for defendant is that it is made a part of the duties of the chief of police by the charter to collect all delinquent taxes, and the salary provided by section 82 is intended as full compensation for all the duties which he is required to perform; that all fees received by him belong to the city, and must be paid to the treasurer, and that the provisions of the charter authorizing the council to prescribe the fees and compensation for collecting delinquent taxes to be paid on the warrant and collected as a part of the

taxes were designed to enable the council to impose a
penalty upon the delinquent taxpayer, and to provide
compensation to the city for the expense incident to the
collection of delinquent taxes.    It must be admitted that
the several provisions of the charter are in apparent con-
flict, but we are bound to construe them, if possible, so as
to give effect to all and carry out the legislative intent.
From an examination of the charter it is obvious that it
was intended to put the city officers on a salary, and do
away with the unsatisfactory system of compensating
public officers by fees, and it seems to us no plainer lan-
guage indicating such intent so far as the chief of police
is concerned could have been used than sections 81 and
82, the former of which in effect provides that his duties
shall be those of a peace officer and collector of taxes,
and the latter that he shall receive a salary as compensa-
tion for the services performed by him not to exceed one
hundred dollars per month and no other fees or compen-
sation whatever.    By these two sections his duties are
carefully defined and his compensation fixed.    If it had
been the intention to allow him a compensation as tax
collector in addition to his salary it would naturally have
been so indicated in section 82 which deals solely with
the salary of police officers.    It seems to us that the in-
tention to limit the compensation of this officer to a
salary not to exceed one hundred dollars per month is
clear, and therefore the subsequent language of the char-
ter, which is in apparent conflict with section 82, must be
so construed as to make the chief of police the agent of
the city in receiving and collecting the fees which delin-
quents may be required to pay.    In no other way can we
give effect to all the provisions of the charter above
quoted, and by such a construction alone can the mani-
fest intent of the legislature to limit the compensation
of the chief of police to a certain fixed sum for the

performance of official duty be accomplished. The declaration of the charter that he shall receive no fees or compensation whatever except a salary is plain and unambiguous and ought to be given force and effect, and for that purpose the other provisions of the charter authorizing or permitting him to receive and collect fees or compensation must be understood as intending such fees or compensation for the benefit of the city. It follows, therefore, that the city ordinance allowing the plaintiff to receive and appropriate to his own use the fees collected by him from delinquent taxpayers is void as unauthorized by the charter, and the judgment of the court below must be affirmed.

AFFIRMED.

Decided at PENDLETON, July 20, 1895.